## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOSEPH L. LoPRESTO,

      Plaintiff,                                                                                     Case No.

v.

CLIENT SERVICES, INC. and
JANE DOE,                                                                              **JURY TRIAL DEMANDED**

      Defendants.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES
## AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq. (hereafter "FDCPA") and the Florida Consumer Practices Act, F.S.A. §559.72 (hereafter "FCCPA"). These laws prevent debt collectors from *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, 1337.

3.    Venue lies in this District pursuant to 28 U.S.C. §1391(d).

### III. PARTIES

4.    Plaintiff, Joseph L. LoPresto, (hereafter "Plaintiff"), is an adult individual residing at 10713 Crowngate Lane, Tampa, FL 33624.

5.  Defendant, Client Services Inc., (hereafter "Client Services") is a foreign corporation with a mailing address of 221 Point West Blvd, St. Charles, MO 63301. The principal purpose of Client Services is the collection of debts, using the mails and telephone, and Client Services regularly attempts to collect debts alleged to be due another.

6.  Defendant, Jane Doe, A/K/A Kimberly Smith (hereafter "Smith") is a natural person employed by Client Services and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7.  On or around August 6, 2007, Smith contacted plaintiff by calling him at work.

8.  Smith advised Plaintiff that she was calling to collect a debt he owed to Citibank.

9.  The alleged debt Smith was collecting was a debt incurred primarily for personal, family or household purposes and is therefore a consumer debt as defined by 15 U.S.C. §1692a(5).

10. After telling him what she was calling about, Smith then asked Plaintiff how he intended to pay the debt.

11. At the time, Plaintiff was very busy at work and told her that he could not talk to her about it because he was at work and was not suppose to be on the telephone discussing personal matters.

12. Plaintiff then hung up the telephone.

13. A few minutes after Plaintiff told Smith that he could not talk to her about the account while he was at work, Smith called him at work once again.

14. During the second phone call, Smith told Plaintiff that they must have been disconnected and she wanted to know why they were disconnected.

2

15.   Plaintiff told Smith that they were not disconnected but he had actually hung up on her because he could not discuss the issue while he was at work.

16.   Despite being told that he was unable to discuss the issue while at work, Smith again demanded to know how Plaintiff intended to pay the debt.

17.   Plaintiff told Smith that he did not know how he could pay at that time.

18.   Smith then told Plaintiff that if he did not pay immediately, she would garnish his wages and his bank account and they would also take his car to satisfy the debt.

19.   During the second phone conversation, Plaintiff's boss was standing next to his desk and told him that he was at work and he needed to get off the telephone.

20.   Once again, Plaintiff ended the phone call by hanging up on Smith.

21.   On or about August 9, 2007 Smith called Plaintiff once again while he was at work despite the fact that she knew he was not suppose to get such calls at work.

22.   Smith again demanded to know how Plaintiff intended to pay the debt.

23.   Plaintiff terminated the phone call by hanging up on Smith without responding.

24.   On or about August 10, 2007 Smith called Plaintiff at work again.

25.   Smith demanded to know how and when Plaintiff would pay his debt.

26.   Plaintiff, having previously told Smith that he was unable to discuss the matter while at work, terminated the phone call by hanging up the telephone.

27.   Smith called Plaintiff at work approximately six to seven times during the week of August 6, 2007 despite her knowledge that it was not a convenient time and place to discuss the debt.

28.   Smith was also aware that Plaintiff was not allowed to receive calls like that while he was working.

29.   Client Services, by and through their agent, Smith, violated the Fair Debt Collection Practices Act.

30.   The conduct of Client Services and Smith made Plaintiff embarrassed, upset, angry, frustrated, and agitated.

### FIRST CLAIM FOR RELIEF
### FDCPA VIOLATION
### Joseph LoPresto vs. Client Services

31.   Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

32.   The foregoing acts and omissions of Client Services and its agent constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d, 1692e, 1692e(4), 1692e(5), 1692e(10), 1692f.

33.   As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

### SECOND CLAIM FOR RELIEF
### FCCPA VIOLATION
### Joseph LoPresto vs. Client Services

34.   Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 30.

35.   The foregoing acts and omissions of Allied and its agent constitute violations of the FCCPA, including, but not limited to §§559.72(7) and 559.72(9).

36.   The Defendant's actions described above were done intentionally with the intent to coerce Plaintiff into paying a consumer debt.

4

37.   As a result of the above violations of the FCCPA, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

## THIRD CLAIM FOR RELIEF
## FDCPA VIOLATION
### Joseph LoPresto vs. Jane Doe

38.   Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 30.

39.   The foregoing acts and omissions of Doe constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3) 1692d, 1692e,1692e(4), 1692e(5), 1692e(10), 1692f.

40.   As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## FOURTH CLAIM FOR RELIEF
## FCCPA VIOLATION
### Joseph LoPresto vs. Jane Doe

41.   Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 28.

42.   The foregoing acts and omissions of Doe constitute violations of the FCCPA, including, but not limited to §§559.72(7) and 559.72(9).

43.   The Defendant's actions described above were done intentionally with the intent to coerce Plaintiff into paying a consumer debt.

44.   As a result of the above violations of the FCCPA, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, punitive damages and attorney's fees and costs.

**WHEREFORE**, PLAINTIFF respectfully prays that judgment be entered against DEFENDANTS for the following:

a.  Declaratory Judgment that DEFENDANTS' conduct violated the FDCPA and the FCCPA;

b.  Actual damages;

c.  Statutory damages pursuant to 15 U.S.C. §1692k and F.S. 559.77;

d.  Punitive damages pursuant to F.S. 559.77;

e.  Cost and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

f.  For such other and further relief as may be just and proper.

Dated : January 8, 2008                Respectfully submitted,


s/ G. Donald Golden_____
G. DONALD GOLDEN, ESQUIRE
Florida Bar No. 0137080
G. DONALD GOLDEN, P.A.
213 N. Parsons Avenue
Brandon, Florida 33511
Telephone: (813) 413-8700
Facsimile: (813) 413-8701
don@brandonlawyer.com
Attorney for Plaintiff


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.


s/ G. Donald Golden_____
G. Donald Golden, Esquire